UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DREW HUSKEY, et al. <br> Individually and on behalf of all others <br> similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> COLGATE-PALMOLIVE COMPANY, <br> and DOES 1 THROUGH 10, <br><br> Defendants. | Consolidated Case No. 4:19-cv-02710-JAR <br><br> **STIPULATION FOR PROTECTIVE ORDER** |

Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

    a) "Attorneys" means Outside Counsel of Record and In-House Counsel (as well as their support staff);

    b) "Confidential" documents are the documents designated pursuant to Paragraphs 2 and 4;

    c) "Confidential – Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to Paragraph 5;

    d) "Designating Party" means a Party or third party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential – Attorneys' Eyes Only";

    e) "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained

1

(including, among other things, testimony, transcripts, and tangible items), that are produced or generated in disclosures or in response to discovery requests in this matter;

f) "Documents" are all materials within the scope of Fed. R. Civ. 34;

g) "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Attorneys to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor;

h) "In-House Counsel" means attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel;

i) "Outside Counsel of Record" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or work at a law firm which has appeared on behalf of that Party, as well as staff and/or employees of such firm;

j) "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs);

k) "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Designating Party; and

l) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document as "Confidential," a Party may designate any document, including interrogatory response, other discovery response, and/or transcript, that it, in good faith, contends, constitutes or contains trade secret or other confidential information.

2

3023645.3

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

    a) The Court and its personnel;

    b) The Receiving Party's Attorneys;

    c) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Written Assurance" that is attached hereto as Exhibit A;

    d) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Written Assurance" that is attached hereto as Exhibit A;

    e) Persons shown on the face of the document to have authored or received it;

    f) Court reporters and their staff;

    g) Outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are used by a Party or its Attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action and who have signed the "Written Assurance" that is attached hereto as Exhibit A; and

    h) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Written Assurance" that is attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions

3

that reveal Confidential material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

5. The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential – Attorneys' Eyes Only." Disclosure of such information shall be limited to:

    a) The Receiving Party's Outside Counsel of Record;

    b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Written Assurance" attached hereto as Exhibit A;

    c) The Court and its personnel;

    d) Court reporters and their staff;

    e) Outside independent persons (*i.e.,* persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are used by a Party or its Attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action; and

    f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential – Attorneys' Eyes Only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

6. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be

4

served along with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be treated by the parties to this action as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production. During that 15 day period, any Party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7. Each person who is to receive "Confidential" or "Confidential – Attorneys' Eyes Only" documents, pursuant to Paragraph 4(g), shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least eleven (11) days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the Party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within ten (10) days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

8. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within ten (10) days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" until ten (10) days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any Party who inadvertently fails to identify documents as "Confidential" or

"Confidential-Attorneys' Eyes Only" shall have ten (10) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any Party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such inadvertently produced documents, including all copies, within ten (10) days of receiving such a written request. The Party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

11. If a Party intends to file a document designated "Confidential" or "Confidential – Attorneys' Eyes Only" with the Court, this Protective Order grants leave to make such filing under seal in compliance with Local Rule 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

12. Any Party may request a change in the designation of any information designated "Confidential" or "Confidential – Attorneys' Eyes Only." Any such document shall be treated as originally designated until the designation change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief,

3023645.3

providing notice to any third party whose designation of produced documents as "Confidential" or "Confidential – Attorneys' Eyes Only" in the action may be affected. The Party asserting that the material is "Confidential" or "Confidential – Attorneys' Eyes Only" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. Within sixty (60) days of the termination of this action, including any appeals, each Party shall either destroy or return to the opposing Party all documents designated by the opposing Party as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies of such documents. Each Party shall provide a certification in writing to the disclosing Party as to such return or destruction of such documents within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Confidential" or "Confidential-Attorneys' Eyes Only."

14. Any Party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

3023645.3

DATED: March 22, 2021

_____
Daniel F. Harvath
*Attorneys for Plaintiffs*

DATED: March 23, 2021

_____
Kate T. Spelman
*Attorneys for Defendant*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
John A. Ross
United States District Judge

**EXHIBIT A**
**WRITTEN ASSURANCE**

I, _____, declare that:

1. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____.

3. My present relationship to plaintiff(s)/defendant(s) is _____.

4. I have received a copy of the Stipulation for Protective Order (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any "Confidential" or "Confidential – Attorneys' Eyes Only" documents received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as "Confidential" and/or "Confidential – Attorneys' Eyes Only" in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all "Confidential" and/or "Confidential – Attorneys' Eyes Only" documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct. Executed this _____day of _____, 20\_\_, in the State of _____.

_____
Signature

3023645.3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 25th day of March 2021, the foregoing was filed electronically with the Clerk of the Court to be served on all counsel of record by operation of the CM/ECF system.

/s/ Kate T. Spelman